1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   SANDRA E. WILLIAMS,

12            Plaintiff,              No. 2:12-cv-2513 JAM AC PS

13       vs.

14   BANK OF AMERICA, *et al.*,       <u>ORDER AND</u>

15            Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

16   _____/

17            On May 1, 2013, the court held a hearing on defendants' January 2, 2013 motion

18   to dismiss.  Sandra E. Williams appeared in pro per.  There were no appearances for defendants.[1]

19   On review of the motion and the documents filed in support and opposition, after hearing the

20   arguments of plaintiff, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

21              RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

22            Plaintiff is proceeding in this action on the original complaint filed October 9,

23   2012.  The pleading is 118 pages long (with over 400 paragraphs) and has attached to it 1,239

24   _____

25   [1] Following the hearing, counsel for defendants submitted a declaration stating that while
     he was present in his office at the time of the hearing and ready to make a telephonic appearance,
     the court's telephone calls went directly to his voicemail.  <u>See</u> ECF No. 30.  The court finds this
26   explanation adequate and will therefore not impose a fine on counsel for failure to appear.

1   pages of exhibits.  Plaintiff names as defendants "Bank of America Corporation, Bank of

2   America, National Association, f/k/a; BAC Home Loans Servicing, LP, f/k/a; Countrywide

3   Home Loans Servicing, LP f/k/a/; Countrywide Home Loans Inc. f/k/a; Countrywide Financial

4   Corporation f/k/a; Countrywide Mortgage Ventures LLC, f/k/a/; Countrywide Bank, FSB, f/k/a/;

5   Treasury Bank National Association; SOL Homes, LLC; and any successors in interest; Does 1-

6   1000."  Compl. at 1.

7            While it is difficult to separate plaintiff's factual allegations from, inter alia, case

8   citations, quotes, and discussion of the history of lending practices in the United States, it

9   appears plaintiff's claims are directed to the origination and servicing of a $260,000 mortgage

10  loan entered into on January 6, 2005 and secured by real property located at 1215 Pheasant

11  Drive, Suisun City, CA 94585.  See Defs.' Request for Judicial Notice ("RJN"), Ex. 1.

12  Plaintiff's claims are also directed to the non-judicial foreclosure of the Subject Property, which

13  occurred following the March 12, 2009 recording of a Notice of Default in the Solano County

14  Recorder's Office.  RJN, Ex. 4.

15           The Subject Property was sold at a Trustee's Sale on July 7, 2009.  RJN, Ex. 7.

16  On an unspecified date, defendants filed an unlawful detainer action in Solano County.  Also on

17  an unspecified date, plaintiff filed a bankruptcy petition.

18           Plaintiff premises jurisdiction in this court on the basis of her federal claims,

19  which are brought pursuant to (1) the False Claims Act ("FCA"), 31 U.S.C. § 3729, (2) the

20  Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C.

21  § 1833a, (3) the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 501 *et seq.*, (4) the

22  Civil Rights Act of 1964, 42 U.S.C. § 1983 for violations of the Due Process Clause and the

23  Equal Protection Clause, (5) the Declaratory Judgment Act, 28 U.S.C. § 2201, (6) the Fair Debt

24  Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 –1692p, (7) the Fair Housing Act

25  ("FHA"), 42 U.S.C. § 3605(a), and (8) the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.

26  § 1691, and (9) 42 U.S.C. § 1986.

1    On January 2, 2013, defendants Bank of America and Bank of America

2 Corporation filed a motion to dismiss, to which defendant SOL Homes LLC filed a joinder.  ECF

3 Nos. 13, 21.  Plaintiff opposes the motion.

4                                    LEGAL STANDARDS

5    The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure

6 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n,

7 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal

8 theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v.

9 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege

10 "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly,

11 550 U.S. 544, 555 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's

12 ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

13    In determining whether a complaint states a claim on which relief may be granted,

14 the court accepts as true the allegations in the complaint and construes the allegations in the light

15 most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

16 United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

17                                       DISCUSSION

18 A.    Request for Judicial Notice

19    Defendants ask the court to take judicial notice of documents accompanying the

20 motion to dismiss.  See RJN (ECF No. 14).  The court may take notice of facts that are capable

21 of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

22 questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.

23 1993).  Facts subject to judicial notice may be considered by a court on a motion to dismiss.  In

24 re Russell, 76 F.3d 242, 244 (9th Cir. 1996).  In actions arising from mortgage disputes, courts

25 may take judicial notice of the deed of trust and other documents pertaining to the loan.  Kelley

26 v. Mortgage Electronic Registration Systems, Inc., 642 F. Supp. 2d 1048, 1052-53 (N.D. Cal.

1  2009).  A court may also take "judicial notice of matters of public record outside the pleadings."

2  Indemnity Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  The court has examined each

3  of the exhibits for which judicial notice is requested and finds that each of the exhibits is suitable

4  for judicial notice as matters of public record outside of the pleadings.  See Fed. R. Evid. 201(b).

5  B.    Federal Claims

6           Because the court's jurisdiction over this case hinges on the presence of an

7  actionable federal claim, the court turns first to plaintiff's federal claims, which are reproduced

8  here: (1) the False Claims Act ("FCA"), 31 U.S.C. § 3729, (2) the Financial Institutions Reform,

9  Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a, (3) the

10 Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 501 et seq., (4) the Civil Rights Act of

11 1964, 42 U.S.C. § 1983 for violations of the Due Process Clause and the Equal Protection

12 Clause, (5) the Declaratory Judgment Act, 28 U.S.C. § 2201, (6) the Fair Debt Collection

13 Practices Act ("FDCPA"), 15 U.S.C. § 1692 –1692p, (7) the Fair Housing Act ("FHA"), 42

14 U.S.C. § 3605(a), (8) the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and (9) 42

15 U.S.C. § 1986.

16     1.    False Claims Act

17           The False Claims Act ("FCA") prohibits individuals from engaging in specified

18 fraudulent activity, and makes persons who engage in such conduct liable to the United States

19 government.  See 31 U.S.C. § 3729(a).  Civil actions under the FCA may be brought either by

20 the United States or as a qui tam action by a private individual, wherein the private individual

21 sues on behalf of the government as well as the individual.  See id. at § 3720(b)(1).  Plaintiff's

22 allegations, however, appear to be asserted in plaintiff's private capacity, against a private entity

23 based on nonjudicial foreclosure proceedings.  Thus, plaintiff's claim does not fall within the

24 scope of the FCA.  This claim should be dismissed without leave to amend.

25     2.    FIRREA

26           Congress enacted FIRREA following the saving and loan crisis of the 1980s to

4

1   give the FDIC power to take all actions necessary to resolve problems posed by financial

2   institutions in default.  Benson v. JP Morgan Chase Bank, N.A., 673 F.3d 1207, 1211 (9th Cir.

3   2012).  FIRREA gives the FDIC authority to act as receiver of a failed institution to protect

4   depositors and creditors.  Id.  The statute provides detailed procedures for the FDIC's

5   consideration claims of claims against the receivership estate.  Id. (quoting McCarthy v. FDIC,

6   348 F.3d 1075, 1079 (9th Cir. 2003) ("to ensure that the assets of a failed institution are

7   distributed fairly and promptly among those with valid claims against the institution, and to

8   expeditiously wind up the affairs of failed banks."))

9           FIRREA requires a plaintiff to exhaust its administrative remedies with the FDIC

10  before the plaintiff can file certain claims in court.  Benson, 673 F.3d at 1211.  The statute reads,

11  in pertinent part:

12          Limitation on judicial review. Except as otherwise provided in this
            subsection, no court shall have jurisdiction over—
13
            (i) any claim or action for payment from, or any action seeking a
14          determination of rights with respect to, the assets of any depository
            institution for which the [FDIC] has been appointed receiver,
15          including assets which the [FDIC] may acquire from itself as such
            receiver; or
16
            (ii) any claim relating to any act or omission of such institution or
17          the [FDIC] as receiver.

18  12 U.S.C. § 1821(d)(13)(D).

19          In Benson, the Ninth Circuit Court of Appeals held that FIRREA's jurisdictional

20  bar apples to claims against institutions that purchased assets of failed institutions from the FDIC

21  when the claims are based on the conduct of the failed institution.  "FIRREA's jurisdictional bar

22  applies to claims asserted against a purchasing bank when the claim is based on the conduct of

23  the failed institution."  673 F.3d at 1214.  The Benson court further explained that if a plaintiff's

24  claims rely on the alleged wrongdoing of a failed institution, those claims "plainly relate 'to any

25  act or omission' of 'a depository institution for which the FDIC has been appointed receiver,' "

26  and therefore must be exhausted in administrative proceedings.  Id. at 1215 (quoting 12 U.S.C.

1  § 1821(d)(13)(D)).

2          Initially, it is unclear whether there exists a private cause of action under

3  FIRREA.  See Hess v. Wells Fargo Bank, N.A., 2013 WL 791494, at *5 (N.D. Cal. 2013); U.S.

4  v. Meisinger, 2011 WL 4526082, at *7 (C.D. Cal. 2011).  In any event, it is evident that

5  plaintiff's FIRREA claim fails for her failure to allege that she exhausted FIRREA's exhaustion

6  requirements, that any of the defendants were ever in receipt of receivership, or that any of the

7  defendants purchased a bank that was in receivership.  At the hearing on defendants' motion,

8  plaintiff was asked whether she exhausted FIRREA's exhaustion requirements by filing a claim

9  with the FDIC.  Plaintiff admits she did not.  Accordingly, this claim must be dismissed with

10  prejudice.

11        3.    SCRA

12          Plaintiff brings a claim under the SCRA as a dependent of an active service

13  member.  This claim should be dismissed without leave to amend because it must be raised by

14  the individual currently active in the military, not a dependent of an active service member.  See

15  Kerr v. American Home Mortg. Servicing Inc., 2012 WL 4482056, at *2 (D. Idaho 2012).

16        4.    Due Process and Equal Protection

17          Plaintiff also brings suit for violations of her due process and equal protection

18  rights in connection with the unlawful detainer action filed against plaintiff and the bankruptcy

19  action filed by plaintiff.  These claims are brought pursuant to 42 U.S.C. § 1983.

20          The "ultimate issue" to determine whether a person is subject to a section 1983

21  action is whether "the alleged infringement of federal rights [is] 'fairly attributable to the

22  State?'" Rendell–Baker v. Kohn, 457 U.S. 830, 838 (1982) (quoting Lugar v. Edmondson Oil

23  Co., 457 U.S. 922, 937 (1982)).  The United States Supreme Court has adopted a two-part test to

24  address whether infringement is attributable to the state:

25               Our cases have accordingly insisted that the conduct allegedly
             causing the deprivation of a federal right be fairly attributable to

26               the State: These cases reflect a two-part approach to this question

of "fair attribution." First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible ... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).

A private remedy such as non-judicial foreclosure does not involve state action to invoke a section 1983 claim. Apao v. Bank of New York, 324 F.3d 1091, 1095 (9th Cir. 2003); Charmicor v. Deaner, 572 F.2d 694, 696 (9th Cir. 1978) (source of the non-judicial foreclosure "right is not conclusive as to state action"). "California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution." Garfinkle v. Superior Court, 21 Cal. 3d 268, 281 (Cal. 1978).

In addition, the complaint fails to substantiate that defendants are state actors. "When addressing whether a private party acted under color of law, we therefore start with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999); see Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.") "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999) (citation and internal quotation marks omitted).

As private actors, defendants are not subject to plaintiff's Section 1983 claim, therefore warranting dismissal without leave to amend of plaintiff's due process and equal protection claims.

////

5.   42 U.S.C. § 1986

Title 42 of the United States Code section 1986 states, in part:

> Every person who, having knowledge that any of the wrongs
> conspired to be done, and mentioned in section 1985 of this title,
> are about to be committed, and having power to prevent or aid in
> preventing the commission of the same, neglects or refuses so to do,
> if such wrongful act be committed, shall be liable to the party
> injured . . . for all damages caused by such wrongful act, which
> such person by reasonable diligence could have prevented . . . .
> "Section 1986 authorizes a remedy against state actors who have
> negligently failed to prevent a conspiracy that would be actionable
> under [section] 1985." Cerrato v. San Francisco Cmty. Coll. Dist..,
> 26 F.3d 968, 971 n.7 (9th Cir. 1994).

Because none of the defendants are state actors, for the reasons previously

discussed, plaintiff's claim brought pursuant to 42 U.S.C. § 1986 must also be dismissed without

leave to amend.

6.   Declaratory Judgment Act

Plaintiff next seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Plaintiff's claim for declaratory relief, as plead, is not a cognizable cause of action.  Declaratory

judgment is appropriate when parties seek to resolve "an actual controversy that has not reached

a stage at which either party may seek a coercive remedy and in cases where a party who could

sue for coercive relief has not yet done so." See Seattle Audubon Soc. V. Moseley, 80 F.3d

1401, 1405 (9th Cir. 1996).  Declaratory judgment is not a corrective remedy and should not be

used to remedy past wrongs.  See, e.g., Concorde Equity II, LLC v. Miller, 732 F. Supp. 2d 990,

1002 (N.D. Cal. 2010) ("This cause of action is ultimately a request for relief. [Citation Omitted]

Declaratory relief may be unnecessary where an adequate remedy exists under some other cause

of action."); Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009)

("[T]he Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the

relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is

duplicative and unnecessary.").  The purpose of a declaratory judgment is to set forth a

declaration of future rights.  Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., 655

8

F.2d 938, 943 (9th Cir. 1981); Edejer v. DHI Mortg. Co., 2009 WL 1684714, at *31 (N.D. Cal. June 12, 2009) ("The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred.").

Plaintiff has requested declaratory relief to correct an allegedly improper mortgage transaction and an allegedly improper non-judicial foreclosure.  The Declaratory Relief Act, however, is not an appropriate remedy here since any declaration of the rights of the parties would essentially duplicate plaintiff's other causes of action.  Concorde Equity II, 732 F. Supp. 2d at 1002 ("Plaintiff's request is identical to the relief sought in the other viable causes of action, and the resolution of those causes of action would afford Plaintiff the exact relief sought in the cause of action for declaratory relief.").

As it would be impossible to amend the complaint to plead a viable cause of action for declaratory relief, this claim should be dismissed without leave to amend.

7.    FDCPA

As to the Fair Debt Collection Practices Act, the law is settled that a creditor seeking non-judicial foreclosure on a property is not a debt collection activity under the FDCPA. Generally, non-judicial foreclosure actions do not constitute "debt collection activity" under the FDCPA.  See Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("[The] activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA).  Importantly, a debt collector does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  Fitzgerald v. PNCBank, 2011 WL 1542138, at *3 (D. Idaho 2011) (quoting 15 U.S.C. § 1692a(6)(F)).  To this end, courts – including this court – have concluded that "lenders and mortgage companies are not 'debt collectors' within the meaning of the FDCPA."  Cherian v. Countywide Home Loans, Inc., 2012 WL 2865979, *4 (D. Idaho 2012) (citing Ines v. Countrywide Home Loans, Inc., 2008 WL 2795875, *3 (S.D.Cal. 2008) (citing

1   Williams v. Countrywide, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies

2   collecting debts are not 'debt collectors.'")))).  Accordingly, plaintiff's FDCPA claim should be

3   dismissed without leave to amend.

4        8.      Fair Housing Act ("FHA") and the Equal Credit Opportunity Act ("ECOA")

5               Plaintiff also accuses defendants of discriminating against her on account of her

6   race or national origin by refusing to sell the Subject Property back to her after initiating

7   foreclosure proceedings.

8               The ECOA makes it unlawful "for any creditor to discriminate against any

9   applicant, with respect to any aspect of a credit transaction - (1) on the basis of race, color,

10  religion, national origin, sex or marital status, or age (provided the applicant has the capacity to

11  contract)."  15 U.S.C. § 1691(a).  The FHA makes it unlawful "for any person or other entity

12  whose business includes engaging in residential real estate-related transactions to discriminate

13  against any person in making available such a transaction, or in the terms or conditions of such a

14  transaction, because of race, color, religion, sex, handicap, familial status, or national origin."  42

15  U.S.C. § 3605.

16              Before turning to the merits of plaintiff's claims, the court notes that the Trustee's

17  Sale occurred on July 7, 2009, and this action was filed on October 9, 2012.  Because the

18  complaint was filed more than three years after the sale of the Subject Property, plaintiff's claims

19  are barred by the two-year statute of limitations.  See 15 U.S.C. § 1691e(f) (2007) (two-year

20  statute of limitations under ECOA)[2]; 42 U.S.C. § 3613(a)(1)(A) (two-year statute of limitations

21  _____

22          [2]  In 2010, this statute was amended to give a five-year statute of limitations, effective
    July 21, 2011.  See Pub. L. 111–203, §§ 1085(1), (5)-(7), 124 Stat. 2083, 2085, 2113 (2010)
23  (amending 15 U.S.C. § 1691e(f) "by striking 'two years from' each place that term appears and
    inserting '5 years after'").  This extended statutory period is unavailable in this case because the
24  conduct plaintiff complains of occurred before the 2010 amendments became effective.  See
    Cabrera v. Countrywide Home Loans, Inc., 2013 WL 1345083, at *4 (N.D. Cal. 2013) (declining
25  to apply the 2010 ECOA five-year statute of limitations to a claim that began accruing in 2007).

26                                                      (continued...)

                                      10

1    under the FHA).  Plaintiff offers no facts to support a tolling of the statute of limitations.

2    Therefore, both claims should be dismissed without leave to amend.

3    C.      State Law Claims

4              In recommending that plaintiff's federal claims be dismissed, the undersigned will

5    also recommend that the court decline to exercise supplemental jurisdiction over the remaining

6    state law claims pursuant to 28 U.S.C. § 1367(c).

7              Accordingly, IT IS HEREBY ORDERED that the May 15, 2013 scheduling

8    conference is vacated from calendar; and

9              IT IS HEREBY RECOMMENDED that:

10             1.  Defendants' January 2, 2013 motion to dismiss be granted;

11             2.  Plaintiff's federal claims be dismissed without leave to amend;

12             3.  Plaintiff's state law claims be dismissed without prejudice to renewal in state

13   court.

14             These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

16   days after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19

20        [2](...continued)
           But even assuming that the 5-year statute of limitations applies here, plaintiff fails to
21   state a claim.  To state a discrimination claim under ECOA, plaintiff must show that: (1) she was
     a member of a protected class; (2) she applied for and was qualified for the loan at issue; (3) the
22   loan was rejected despite plaintiff's qualifications; and (4) a creditor continued to approve loans
     for similarly situated applicants or treated members not in the protected class more favorably.
23   See Shiplet v. Veneman, 620 F. Supp. 2d 1203, 1232 (D. Mont. 2009).  Plaintiff's allegations fail
     because she does not allege that she applied for and was qualified for a loan to purchase the
24   Subject Property, that the loan was rejected despite plaintiff's qualifications, and that the creditor
     continued to approve loans for similarly-situated applicants.  At the hearing on defendants'
25   motion, plaintiff admitted that her claim is based on defendants' refusal to accept her cash offer
     to purchase the property.  Plaintiff presented no other facts as to this claim in her opposition or at
26   the hearing.  Accordingly, this claim should be dismissed without leave to amend.

1   shall be served and filed within seven days after service of the objections.  The parties are

2   advised that failure to file objections within the specified time may waive the right to appeal the

3   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4   DATED: May 6, 2013.

5

6                                                ALLISON CLAIRE
                                                 UNITED STATES MAGISTRATE JUDGE
7

8

9   /mb;will2513.mtd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26