IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA E. WILLIAMS,

Plaintiff, No. 2:12-cv-2513 JAM AC PS

vs.

BANK OF AMERICA, *et al.*, ORDER AND

Defendants. FINDINGS & RECOMMENDATIONS

_______________________________/

On May 1, 2013, the court held a hearing on defendants' January 2, 2013 motion to dismiss. Sandra E. Williams appeared in pro per. There were no appearances for defendants.[1] On review of the motion and the documents filed in support and opposition, after hearing the arguments of plaintiff, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is proceeding in this action on the original complaint filed October 9, 2012. The pleading is 118 pages long (with over 400 paragraphs) and has attached to it 1,239

[1] Following the hearing, counsel for defendants submitted a declaration stating that while he was present in his office at the time of the hearing and ready to make a telephonic appearance, the court's telephone calls went directly to his voicemail. See ECF No. 30. The court finds this explanation adequate and will therefore not impose a fine on counsel for failure to appear.

pages of exhibits. Plaintiff names as defendants "Bank of America Corporation, Bank of America, National Association, f/k/a; BAC Home Loans Servicing, LP, f/k/a; Countrywide Home Loans Servicing, LP f/k/a/; Countrywide Home Loans Inc. f/k/a; Countrywide Financial Corporation f/k/a; Countrywide Mortgage Ventures LLC, f/k/a/; Countrywide Bank, FSB, f/k/a/; Treasury Bank National Association; SOL Homes, LLC; and any successors in interest; Does 1-1000." Compl. at 1.

While it is difficult to separate plaintiff's factual allegations from, inter alia, case citations, quotes, and discussion of the history of lending practices in the United States, it appears plaintiff's claims are directed to the origination and servicing of a $260,000 mortgage loan entered into on January 6, 2005 and secured by real property located at 1215 Pheasant Drive, Suisun City, CA 94585. See Defs.' Request for Judicial Notice ("RJN"), Ex. 1. Plaintiff's claims are also directed to the non-judicial foreclosure of the Subject Property, which occurred following the March 12, 2009 recording of a Notice of Default in the Solano County Recorder's Office. RJN, Ex. 4.

The Subject Property was sold at a Trustee's Sale on July 7, 2009. RJN, Ex. 7. On an unspecified date, defendants filed an unlawful detainer action in Solano County. Also on an unspecified date, plaintiff filed a bankruptcy petition.

Plaintiff premises jurisdiction in this court on the basis of her federal claims, which are brought pursuant to (1) the False Claims Act ("FCA"), 31 U.S.C. § 3729, (2) the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a, (3) the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 501 *et seq.*, (4) the Civil Rights Act of 1964, 42 U.S.C. § 1983 for violations of the Due Process Clause and the Equal Protection Clause, (5) the Declaratory Judgment Act, 28 U.S.C. § 2201, (6) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 –1692p, (7) the Fair Housing Act ("FHA"), 42 U.S.C. § 3605(a), and (8) the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and (9) 42 U.S.C. § 1986.

On January 2, 2013, defendants Bank of America and Bank of America Corporation filed a motion to dismiss, to which defendant SOL Homes LLC filed a joinder. ECF Nos. 13, 21. Plaintiff opposes the motion.

LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

DISCUSSION

A. Request for Judicial Notice

Defendants ask the court to take judicial notice of documents accompanying the motion to dismiss. See RJN (ECF No. 14). The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Facts subject to judicial notice may be considered by a court on a motion to dismiss. In re Russell, 76 F.3d 242, 244 (9th Cir. 1996). In actions arising from mortgage disputes, courts may take judicial notice of the deed of trust and other documents pertaining to the loan. Kelley v. Mortgage Electronic Registration Systems, Inc., 642 F. Supp. 2d 1048, 1052-53 (N.D. Cal.

2009). A court may also take "judicial notice of matters of public record outside the pleadings." Indemnity Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). The court has examined each of the exhibits for which judicial notice is requested and finds that each of the exhibits is suitable for judicial notice as matters of public record outside of the pleadings. See Fed. R. Evid. 201(b).

B. Federal Claims

Because the court's jurisdiction over this case hinges on the presence of an actionable federal claim, the court turns first to plaintiff's federal claims, which are reproduced here: (1) the False Claims Act ("FCA"), 31 U.S.C. § 3729, (2) the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a, (3) the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 501 *et seq.*, (4) the Civil Rights Act of 1964, 42 U.S.C. § 1983 for violations of the Due Process Clause and the Equal Protection Clause, (5) the Declaratory Judgment Act, 28 U.S.C. § 2201, (6) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 –1692p, (7) the Fair Housing Act ("FHA"), 42 U.S.C. § 3605(a), (8) the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and (9) 42 U.S.C. § 1986.

1. False Claims Act

The False Claims Act ("FCA") prohibits individuals from engaging in specified fraudulent activity, and makes persons who engage in such conduct liable to the United States government. See 31 U.S.C. § 3729(a). Civil actions under the FCA may be brought either by the United States or as a qui tam action by a private individual, wherein the private individual sues on behalf of the government as well as the individual. See id. at § 3720(b)(1). Plaintiff's allegations, however, appear to be asserted in plaintiff's private capacity, against a private entity based on nonjudicial foreclosure proceedings. Thus, plaintiff's claim does not fall within the scope of the FCA. This claim should be dismissed without leave to amend.

2. FIRREA

Congress enacted FIRREA following the saving and loan crisis of the 1980s to

give the FDIC power to take all actions necessary to resolve problems posed by financial institutions in default. Benson v. JP Morgan Chase Bank, N.A., 673 F.3d 1207, 1211 (9th Cir. 2012). FIRREA gives the FDIC authority to act as receiver of a failed institution to protect depositors and creditors. Id. The statute provides detailed procedures for the FDIC's consideration claims of claims against the receivership estate. Id. (quoting McCarthy v. FDIC, 348 F.3d 1075, 1079 (9th Cir. 2003) ("to ensure that the assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution, and to expeditiously wind up the affairs of failed banks."))

FIRREA requires a plaintiff to exhaust its administrative remedies with the FDIC before the plaintiff can file certain claims in court. Benson, 673 F.3d at 1211. The statute reads, in pertinent part:

> Limitation on judicial review. Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D).

In Benson, the Ninth Circuit Court of Appeals held that FIRREA's jurisdictional bar apples to claims against institutions that purchased assets of failed institutions from the FDIC when the claims are based on the conduct of the failed institution. "FIRREA's jurisdictional bar applies to claims asserted against a purchasing bank when the claim is based on the conduct of the failed institution." 673 F.3d at 1214. The Benson court further explained that if a plaintiff's claims rely on the alleged wrongdoing of a failed institution, those claims "plainly relate 'to any act or omission' of 'a depository institution for which the FDIC has been appointed receiver,' " and therefore must be exhausted in administrative proceedings. Id. at 1215 (quoting 12 U.S.C.

§ 1821(d)(13)(D)).

Initially, it is unclear whether there exists a private cause of action under FIRREA. See Hess v. Wells Fargo Bank, N.A., 2013 WL 791494, at *5 (N.D. Cal. 2013); U.S. v. Meisinger, 2011 WL 4526082, at *7 (C.D. Cal. 2011). In any event, it is evident that plaintiff's FIRREA claim fails for her failure to allege that she exhausted FIRREA's exhaustion requirements, that any of the defendants were ever in receipt of receivership, or that any of the defendants purchased a bank that was in receivership. At the hearing on defendants' motion, plaintiff was asked whether she exhausted FIRREA's exhaustion requirements by filing a claim with the FDIC. Plaintiff admits she did not. Accordingly, this claim must be dismissed with prejudice.

3. SCRA

Plaintiff brings a claim under the SCRA as a dependent of an active service member. This claim should be dismissed without leave to amend because it must be raised by the individual currently active in the military, not a dependent of an active service member. See Kerr v. American Home Mortg. Servicing Inc., 2012 WL 4482056, at *2 (D. Idaho 2012).

4. Due Process and Equal Protection

Plaintiff also brings suit for violations of her due process and equal protection rights in connection with the unlawful detainer action filed against plaintiff and the bankruptcy action filed by plaintiff. These claims are brought pursuant to 42 U.S.C. § 1983.

The "ultimate issue" to determine whether a person is subject to a section 1983 action is whether "the alleged infringement of federal rights [is] 'fairly attributable to the State?'" Rendell–Baker v. Kohn, 457 U.S. 830, 838 (1982) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). The United States Supreme Court has adopted a two-part test to address whether infringement is attributable to the state:

> Our cases have accordingly insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State: These cases reflect a two-part approach to this question

> of "fair attribution." First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible ... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).

A private remedy such as non-judicial foreclosure does not involve state action to invoke a section 1983 claim. Apao v. Bank of New York, 324 F.3d 1091, 1095 (9th Cir. 2003); Charmicor v. Deaner, 572 F.2d 694, 696 (9th Cir. 1978) (source of the non-judicial foreclosure "right is not conclusive as to state action"). "California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution." Garfinkle v. Superior Court, 21 Cal. 3d 268, 281 (Cal. 1978).

In addition, the complaint fails to substantiate that defendants are state actors. "When addressing whether a private party acted under color of law, we therefore start with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999); see Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.") "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999) (citation and internal quotation marks omitted).

As private actors, defendants are not subject to plaintiff's Section 1983 claim, therefore warranting dismissal without leave to amend of plaintiff's due process and equal protection claims.

////

5. 42 U.S.C. § 1986

Title 42 of the United States Code section 1986 states, in part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . . "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under [section] 1985." Cerrato v. San Francisco Cmty. Coll. Dist.., 26 F.3d 968, 971 n.7 (9th Cir. 1994).

Because none of the defendants are state actors, for the reasons previously discussed, plaintiff's claim brought pursuant to 42 U.S.C. § 1986 must also be dismissed without leave to amend.

6. Declaratory Judgment Act

Plaintiff next seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff's claim for declaratory relief, as plead, is not a cognizable cause of action. Declaratory judgment is appropriate when parties seek to resolve "an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." See Seattle Audubon Soc. V. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996). Declaratory judgment is not a corrective remedy and should not be used to remedy past wrongs. See, e.g., Concorde Equity II, LLC v. Miller, 732 F. Supp. 2d 990, 1002 (N.D. Cal. 2010) ("This cause of action is ultimately a request for relief. [Citation Omitted] Declaratory relief may be unnecessary where an adequate remedy exists under some other cause of action."); Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009) ("[T]he Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary."). The purpose of a declaratory judgment is to set forth a declaration of future rights. Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., 655

F.2d 938, 943 (9th Cir. 1981); Edejer v. DHI Mortg. Co., 2009 WL 1684714, at *31 (N.D. Cal. June 12, 2009) ("The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred.").

Plaintiff has requested declaratory relief to correct an allegedly improper mortgage transaction and an allegedly improper non-judicial foreclosure. The Declaratory Relief Act, however, is not an appropriate remedy here since any declaration of the rights of the parties would essentially duplicate plaintiff's other causes of action. Concorde Equity II, 732 F. Supp. 2d at 1002 ("Plaintiff's request is identical to the relief sought in the other viable causes of action, and the resolution of those causes of action would afford Plaintiff the exact relief sought in the cause of action for declaratory relief.").

As it would be impossible to amend the complaint to plead a viable cause of action for declaratory relief, this claim should be dismissed without leave to amend.

7. FDCPA

As to the Fair Debt Collection Practices Act, the law is settled that a creditor seeking non-judicial foreclosure on a property is not a debt collection activity under the FDCPA. Generally, non-judicial foreclosure actions do not constitute "debt collection activity" under the FDCPA. See Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("[The] activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA). Importantly, a debt collector does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." Fitzgerald v. PNCBank, 2011 WL 1542138, at *3 (D. Idaho 2011) (quoting 15 U.S.C. § 1692a(6)(F)). To this end, courts – including this court – have concluded that "lenders and mortgage companies are not 'debt collectors' within the meaning of the FDCPA." Cherian v. Countywide Home Loans, Inc., 2012 WL 2865979, *4 (D. Idaho 2012) (citing Ines v. Countrywide Home Loans, Inc., 2008 WL 2795875, *3 (S.D.Cal. 2008) (citing

Williams v. Countrywide, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies collecting debts are not 'debt collectors.'"))). Accordingly, plaintiff's FDCPA claim should be dismissed without leave to amend.

8. Fair Housing Act ("FHA") and the Equal Credit Opportunity Act ("ECOA")

Plaintiff also accuses defendants of discriminating against her on account of her race or national origin by refusing to sell the Subject Property back to her after initiating foreclosure proceedings.

The ECOA makes it unlawful "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction - (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)." 15 U.S.C. § 1691(a). The FHA makes it unlawful "for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605.

Before turning to the merits of plaintiff's claims, the court notes that the Trustee's Sale occurred on July 7, 2009, and this action was filed on October 9, 2012. Because the complaint was filed more than three years after the sale of the Subject Property, plaintiff's claims are barred by the two-year statute of limitations. See 15 U.S.C. § 1691e(f) (2007) (two-year statute of limitations under ECOA)[2]; 42 U.S.C. § 3613(a)(1)(A) (two-year statute of limitations

---

[2] In 2010, this statute was amended to give a five-year statute of limitations, effective July 21, 2011. See Pub. L. 111–203, §§ 1085(1), (5)-(7), 124 Stat. 2083, 2085, 2113 (2010) (amending 15 U.S.C. § 1691e(f) "by striking 'two years from' each place that term appears and inserting '5 years after'"). This extended statutory period is unavailable in this case because the conduct plaintiff complains of occurred before the 2010 amendments became effective. See Cabrera v. Countrywide Home Loans, Inc., 2013 WL 1345083, at *4 (N.D. Cal. 2013) (declining to apply the 2010 ECOA five-year statute of limitations to a claim that began accruing in 2007).

(continued...)

under the FHA). Plaintiff offers no facts to support a tolling of the statute of limitations. Therefore, both claims should be dismissed without leave to amend.

C. State Law Claims

In recommending that plaintiff's federal claims be dismissed, the undersigned will also recommend that the court decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c).

Accordingly, IT IS HEREBY ORDERED that the May 15, 2013 scheduling conference is vacated from calendar; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' January 2, 2013 motion to dismiss be granted;

2. Plaintiff's federal claims be dismissed without leave to amend;

3. Plaintiff's state law claims be dismissed without prejudice to renewal in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[2](...continued)

But even assuming that the 5-year statute of limitations applies here, plaintiff fails to state a claim. To state a discrimination claim under ECOA, plaintiff must show that: (1) she was a member of a protected class; (2) she applied for and was qualified for the loan at issue; (3) the loan was rejected despite plaintiff's qualifications; and (4) a creditor continued to approve loans for similarly situated applicants or treated members not in the protected class more favorably. See Shiplet v. Veneman, 620 F. Supp. 2d 1203, 1232 (D. Mont. 2009). Plaintiff's allegations fail because she does not allege that she applied for and was qualified for a loan to purchase the Subject Property, that the loan was rejected despite plaintiff's qualifications, and that the creditor continued to approve loans for similarly-situated applicants. At the hearing on defendants' motion, plaintiff admitted that her claim is based on defendants' refusal to accept her cash offer to purchase the property. Plaintiff presented no other facts as to this claim in her opposition or at the hearing. Accordingly, this claim should be dismissed without leave to amend.

shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;will2513.mtd